IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-00004 |
| | ) | CHIEF JUDGE CAMPBELL |
| WOODY H. MEDLOCK, SR. | ) | |

### DEFENDANT WOODY H. MEDLOCK SR.'S MOTION IN LIMINE NUMBER 6 TO EXCLUDE TESTIMONY CONCERNING TOTAL LOSS AMOUNT

Defendant Woody H. Medlock, Sr. files this motion *in limine* respectfully requesting that the Court exclude testimony in which a government witness would purport to quantify the total loss amount attributable to the alleged conspiracy. Although witnesses may testify to the amount of money billed to Medicare or Medicaid for the seventeen trips specified in the indictment, they may not testify to a total amount that was allegedly fraudulently billed to Medicare or Medicaid, absent an adequate predicate for such testimony.

### ARGUMENT

The reason for excluding testimony regarding total loss amount is two-fold. First, any testimony about total loss amount would necessarily be predicated on an array of contested facts and methodologies, such as:

(1) Whether extrapolation is permitted in this case, or whether each instance of overbilling instead needs to be proven separately;

(2) If extrapolation is permitted, whether a random sample of the claims has been selected, *see, e.g.*, *United States v. Ahanmisi*, 324 F. App'x 258, 259-60 (4th Cir. 2009) (stating that reliance on a non-random sample does not provide a reasonable estimate of the total loss);

(3) Whether the sample is large enough to be considered statistically significant and representative under accepted statistical methodologies, *see United States v. Jones*, 641 F.3d 706,

712-13 (6th Cir. 2011) (rejecting the loss calculation as "clearly erroneous" where loss amount was extrapolated "[w]ithout a sound representative sample");

(4) If the sample is representative and otherwise statistically valid, what the exact overbilling rate within that sample is;

(5) For the subset of overbilled claims, whether the amount billed has been reduced by the actual repayment rate and by the amount that was properly payable in the absence of the alleged fraud, *see, e.g.*, *United States v. Harms*, 442 F.3d 367, 379 (5th Cir. 2006) (stating that the amount of loss is the total received minus what the defendant would have received absent fraud);

(6) Once the overpayment rate has been established, how many claims that rate may be extrapolated over — which in turns requires a determination of the precise scope and duration of the conspiracy, and of whether the alleged overbilling rate was constant throughout.

Until these and other issues have been resolved, a witness's testimony about total loss amount would be too speculative to be considered fact testimony, and too unreliable to be considered expert testimony. *See* Fed. R. Evid. 701, 702. It should therefore be excluded.

The second reason to exclude such testimony is that the total loss amount is not relevant to any question before the jury. It has no bearing on any element of the offenses charged, and will ultimately be a question for the Court to decide at sentencing, should the jury return a conviction. It should therefore be excluded under Rule 402. Moreover, even if evidence of total loss amount could be deemed relevant, its probative value would be substantially outweighed by the danger of unfair prejudice and confusion. *See* Fed. R. Evid. 403.

2

Case 3:10-cr-00004 Document 181 Filed 11/15/11 Page 2 of 4 PageID #: 766

## **CONCLUSION**

For the foregoing reasons, Mr. Medlock, Sr. requests that the Court exclude government witness testimony as to quantification of the total loss amount.

Respectfully submitted,

/s/ Barry R. Tidwell
Barry R. Tidwell (# 20544)
PRICE & TIDWELL
218 W. Main Street
Murfreesboro, Tennessee 37130
(615) 893-1239

Brian D. Roark (#20262)
Sarah K. Bogni (#028326)
Cecil VanDevender (#029700)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200

*Attorneys for Woody H. Medlock, Sr.*

# CERTIFICATE OF SERVICE

       I hereby certify that on November 15th, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Hershell D. Koger
135 N First Street
P O Box 1148
Pulaski, TN 38478-1148
Email: kogerlaw@hotmail.com

Sandra G. Moses
Office of the United States Attorney (MDTN)
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
Email: sandra.moses@usdoj.gov

Ty E. Howard
Office of the United States Attorney (MDTN)
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
Email: ty.howard@usdoj.gov

Patrick G. Frogge
Bell, Tennent & Frogge, PLLC
Bank of America Plaza
414 Union Street
Suite 904
Nashville, TN 37219
Email: patrick@btflaw.com

                                                /s/ Barry R. Tidwell

10284246.2