UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 3:10-00004
                                  )          JUDGE CAMPBELL
WOODY MEDLOCK, SR., et al.        )


ORDER

Pending before the Court is the Government's Motion In Limine To Exclude Testimony

Or Evidence Related To Medical Condition (Docket No. 172).  Through the Motion, the

Government seeks to exclude testimony or evidence related to the medical condition of patients

transported by the Murfreesboro Ambulance Service ("MAS") as irrelevant to any issues at trial.

Defendants have filed a brief in opposition to the Motion (Docket No. 201), and the Government

has filed a Reply (Docket No. 203).  The parties presented oral argument on the Motion at the

Pretrial Conference on November 21, 2011.

The Defendants in this case have been charged with conspiracy to commit health care

fraud and making false statements regarding a health care benefit program, in violation of 18

U.S.C. § 371; health care fraud, in violation of 18 U.S.C. § 1347; making false statements

regarding a health care benefit program, in violation of 18 U.S.C. § 1035; wire fraud, in violation

of 18 U.S.C. § 1343; and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

(Second Superseding Indictment (Docket No. 126)).

The Defendants argue that evidence relating to the medical condition of patients

transported by MAS is relevant to: (1) whether alleged false statements or representations were

material, which is an element of health care fraud under 18 U.S.C. § 1347, and making false

statements related to health care matters under 18 U.S.C. § 1035; (2) whether Defendants had an intent to defraud, which is an element of health care fraud; (3) whether Defendants acted knowingly in making the alleged false statements or representations; and (4) whether Defendants conspired to cause other employees to transport the patients by stretcher. Defendants also argue that the evidence is relevant because the Government opens the door to evidence of the patients' medical conditions by introducing evidence of the patients' physical conditions.

The parties appear to agree that an element of both health care fraud and making a false statement in regard to a health care benefit program is that the defendant's false or fraudulent statement or representation relate to a "material" fact. In the context of fraud crimes, the Sixth Circuit Pattern Jury Instructions define materiality as follows: "A misrepresentation or concealment is 'material' if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension." Sixth Circuit Pattern Jury Instructions, Criminal, §§ 10.01, 10.02, 10.03 (2011 ed.). In addition to materiality, "intent to defraud," "good faith," and a "knowing" state of mind are all issues that are relevant to the crimes charged, as set forth in the draft jury charge the Court has provided to the parties.

The Government argues that the Defendants committed health care fraud by submitting Medicare claims for ambulance transport that were false, and that it is not relevant or material if there was, in fact, a medical necessity for ambulance transport. The Defendants argue, on the other hand, that the false statements were not material because under certain regulations, Medicare would be obligated to pay for ambulance transport anyway as it was medically necessary. Both sides argue that the relevant Medicare regulations support their positions.

Federal Rule of Evidence 402 provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The parties have not presented specific documents to the Court for review. However, the admissibility of evidence relating to the medical condition of patients offered into evidence at trial will be determined based on the following parameters.

Evidence of medical necessity for ambulance transport is admissible as relevant to Defendants' intent, knowledge or good faith only if the Defendants knew of the evidence at the time the Medicare claim was submitted. For example, whether the Defendants knew of the evidence at the time they submitted the claim is relevant to their good faith in stating that a "stretcher [was] required" as alleged in the Indictment. After-acquired evidence of medical necessity, evidence obtained after the Medicare claim was submitted, is not relevant because it is not probative of the Defendants' intent, knowledge or good faith at the time the alleged false statements were made.

Evidence of medical necessity for ambulance transport is also admissible as relevant to the materiality of any false statement or representation in a Medicare claim form only if such evidence was actually presented by the Defendants, or someone else, to the Medicare decisionmaker and considered as part of the claims process.

Under these parameters, the Court is not persuaded by the Government's argument that the probative value of medical necessity evidence is substantially outweighed by the danger of

3

unfair prejudice, confusion of the issues, or misleading the jury under Federal Rule of Evidence

403.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE